IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALWAN ALI ABED ALDULAIMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-258-SLP |
| | ) |
| DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On March 19, 2020, Plaintiff, appearing pro se, filed a Complaint [Doc. No. 1] and a Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2]. The Motion was referred to Magistrate Judge Shon T. Erwin. Judge Erwin directed Plaintiff to cure certain deficiencies in his Motion on or before April 10, 2020. *See* Order [Doc. No. 4]. When Plaintiff failed to respond, Judge Erwin issued a Report and Recommendation [Doc. No. 5] recommending dismissal of the action and gave Plaintiff until May 7, 2020 to object.

Plaintiff did not timely object but instead filed a Notice [Doc. No. 6] notifying the Court of his change of address. Plaintiff also filed an Amended Motion for Leave to Proceed In Forma Pauperis [Doc. No. 7]. The Amended Motion corrects the deficiencies cited by Judge Erwin.

Upon review, the Court finds the Amended Motion should be granted. Plaintiff has demonstrated an inability to pay the filing fee in this matter and, therefore, he is allowed to proceed in forma pauperis.

The Court further finds Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint names several Defendants, all of whom are alleged to have addresses in the State of Maryland.  The Complaint also lists Plaintiff's address as one in Maryland, although Plaintiff's most recent Notice identifies his address as a motel room in Oklahoma City, Oklahoma.  Plaintiff leaves blank on the form Complaint the basis for the Court's exercise of subject matter jurisdiction.  *See* Compl., at II, Basis for Jurisdiction.  Plaintiff states the following as his claim for relief:

> at first the state of Maryland grants the right to vote to non citizens during a 24/7 electronic surveillance by the fbi and if the person who has been granted the right to vote shows any signs of not being a democrat or pose a risk of exposure to this matter their course of action is as follows: a literal financial siege blocking any possible employment opportunity/and during the greencard process they use radical anti america videos on facebook and other type videos accessing phone apps sending people to say the govt monitors people through their phone cameras/and releasing my personal info and calls to the people I live with and coworkers and when attempting to take legal action multiple assassination attempts and threats and harassment by people who get my exact . . . .

Compl. at III, Statement of Claim.  The Complaint contains no other allegations.

The Court finds dismissal of the Complaint is proper on multiple grounds.  First, the Court has an independent obligation to determine whether it has jurisdiction over this matter.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The Complaint does not identify any federal question at issue to support the exercise of jurisdiction pursuant to 28 U.S.C. § 1331.  Nor does Plaintiff allege facts sufficient to show the requisite amount in controversy or include allegations of the citizenship of any of the parties sufficient to confer diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Furthermore, Plaintiff

alleges no facts sufficient to confer jurisdiction under the Federal Tort Claims Act.  28 U.S.C. §§ 1346, 2671-80.

Second, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where the Court reviews the sufficiency of the allegations of a pro se complaint, the Court applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff names multiple Defendants but fails to allege any facts to show what wrongful conduct is attributed to each Defendant.  *See, e.g.*, *Matthews v. Bergdorf*, 889 F.3d 1136, 1148 (10th Cir. 2018) ("A complaint that fails to differentiate wrongful acts among multiple defendants . . . does not provide the fair notice the law requires." (citing Fed. R. Civ. P. 8)).  Nor does Plaintiff identify any dates regarding when the alleged wrongful conduct occurred or where the wrongful conduct occurred.[1]  Additionally, as stated, Plaintiff does not cite any statutory or other authority for the claim asserted.  Plaintiff's claim, therefore, lacks sufficient context to state a plausible claim for relief.

Third, the allegations of the Complaint are frivolous.  A claim is frivolous "where it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325

---

[1] Plaintiff references the State of Maryland and lists addresses for Defendants in Maryland, but he does not identify where the alleged wrongful conduct occurred.

3

(1989) (legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]").  Here, as stated, Plaintiff's allegations are divorced from any statutory or other law he claims has been violated.  And his allegations involving "a literal financial siege" and "multiple assassination attempts" are the type found to be frivolous by the courts.  *Compare Bahrampour v. Secretary of Air Force*, 794 F. App'x 802, 803 (10th Cir. 2020) (allegations that the "the military is routinely conducting 'freedom of thought' violations against the plaintiff" were frivolous).

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion for Leave to Proceed In Forma Pauperis [Doc. No. 7] is GRANTED and the Report and Recommendation [Doc. No. 5] is DENIED as MOOT .

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(e) and the Court's independent obligation to determine the jurisdictional issue, Plaintiff's Complaint is DISMISSED without prejudice to refiling.  A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS SO ORDERED this 18th day of May, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE